# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KELLY NICOLE DESMOND-NEWMAN, Derivatively on Behalf of CEMTREX, INC., | Civil Action: 2:18-cv-03992 |
| Plaintiff, | |
| vs. | |
| SAAGAR GOVIL, ARON GOVIL, RAJU PANJWANI, SUNNY PATEL, and METODI FILIPOV, | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| Defendants, | |
| -and- | |
| CEMTREX, INC., | |
| Nominal Defendant. | |

This Stipulation and Agreement of Settlement (the "Stipulation"), dated  January 4, 2019, is made and entered into by and among the following Settling Parties (as defined herein), each by and through their respective counsel: (i) plaintiffs to the above-captioned consolidated shareholder derivative action (the "Action"), Kelly Nicole Desmond-Newman ("Desmond-Newman") and Matthias Scharf ("Scharf"), derivatively on behalf of Cemtrex, Inc. ("Cemtrex" or the "Company"); (ii) Shahriar Alami ("Alami," and collectively with Desmond-Newman and Scharf, "Plaintiffs"), derivatively on behalf of Cemtrex, plaintiff to the shareholder derivative action pending in the Supreme Court of the State of New York, County of Suffolk, captioned *Alami v. Govil, et al.*, Index No. 606635/2017 (the "State Action," and together with the Action, the "Derivative Actions"); (iii) nominal defendant Cemtrex; and (iv) defendants Saagar Govil, Aron Govil, Raju Panjwani, Sunny Patel, Metodi Filipov, Renato Dela Rama, and Shamik Shah (collectively, the "Individual Defendants," and together with Cemtrex, "Defendants"), all of whom

are current and/or former members of Cemtrex's Board of Directors (the "Board") and/or current and/or former senior officers of Cemtrex.  This Stipulation, subject to the approval of the United States District Court for the Eastern District of New York (the "Court"), is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims (as defined herein) and to result in the complete dismissal of the Derivative Actions with prejudice, upon the terms and subject to the conditions set forth herein, and without any admission or concession as to the merits of any of the Settling Parties' claims or defenses.

## I.      INTRODUCTION

### A.  Factual Background

Cemtrex, a Delaware corporation with its principal executive offices in Farmingdale, New York, is a technology company that offers a range of products, systems, and services to its customers, including electronic manufacturing services, instruments for industrial processes, and industrial environmental control systems.  Plaintiffs allege in the Derivative Actions that the Individual Defendants knowingly or recklessly made and/or caused the Company to make false and misleading statements and/or omissions concerning Cemtrex's business, operations, and prospects in its press releases, conference calls, and filings with the U.S. Securities and Exchange Commission ("SEC").

### B.  Procedural Background

### *The Action*

On July 11, 2018, Plaintiff Desmond-Newman filed the Action in this Court, captioned *Desmond-Newman v. Govil, et al.*, Case No. 2:18-cv-03992, against Defendants Saagar Govil, Aron Govil, Raju Panjwani, Sunny Patel, and Metodi Filipov, asserting claims for breach of fiduciary duties, unjust enrichment, abuse of control, and waste of corporate assets.

On August 4, 2018, this Court entered an order temporarily staying the Action pending dismissal with prejudice of, or the denial of any motion to dismiss, the related securities class action filed in this Court, captioned *Cullinan v. Cemtrex, Inc., et al.*, Case No.: 2:17-cv-01067 (the "Securities Class Action");

On August 15, 2018, Plaintiff Scharf filed a derivative action (the "*Scharf* Action") in this Court, captioned *Scharf v. Govil, et al.*, Case No. 1:18-cv-04596, against Defendants Saagar Govil, Aron Govil, Renato Dela Rama, Raju Panjwani, Sunny Patel, and Shamik Shah, asserting violations of Sections 14(a), 10(b), and 20(a) of the Securities Exchange Act of 1934, breach of fiduciary duty, unjust enrichment, waste of corporate assets, abuse of control, and gross mismanagement.

 On November 27, 2018, the Court so ordered a stipulation consolidating the *Scharf* Action into the Action.

### The State Action

On April 10, 2017, Plaintiff Alami filed the NY State Action in the Supreme Court of the State of New York, County of Suffolk, captioned *Alami v. Govil, et al.*, Index No. 606635/2017, against Saagar Govil, Aron Govil, Renato Dela Rama, Raju Panjwani, Sunny Patel, and Shamik Shah for breach of fiduciary duties, unjust enrichment, waste of corporate assets, abuse of control, and gross mismanagement.

On August 3, 2017, the parties to the State Action executed a stipulation staying the State Action pending the entry of any order denying any part of any motions to dismiss the Securities Class Action or final order dismissing the Securities Class Action with prejudice.

### C.  Settlement Negotiations

After defendants in the Securities Class Action filed their motion to dismiss the Amended Complaint on July 6, 2018, the parties to the Securities Class Action and Derivative Actions agreed

to a private mediation session before mediator Hon. Faith S. Hochberg, United States District Judge (ret.) (the "Mediator").

On August 16, 2018, in anticipation of mediation, Plaintiff Desmond-Newman sent a settlement demand to Defendants' Counsel (as defined herein) that included proposed corporate governance reforms for the Company to implement.

On August 18, 2018, in anticipation of mediation, Plaintiffs Scharf and Alami sent a joint settlement demand to Defendants' Counsel that included proposed corporate governance reforms for the Company to implement.

On September 11, 2018, the Settling Parties participated in an all-day in-person mediation to discuss a possible resolution of the Derivative Actions and Securities Class Action before the Mediator.  The Settling Parties did not arrive at a resolution during the mediation, and subsequently continued the settlement negotiations.

On September 22, 2018, the Settling Parties reached an agreement in principle to settle the Derivative Actions on the terms reflected in this Stipulation (the "Settlement").

The Settling Parties agreed for the Company to adopt certain corporate governance reforms, the terms of which are fully set forth in Exhibit A attached hereto (the "Reforms").  As a condition of the Settlement, Cemtrex will agree to institute and maintain the Reforms for at least five (5) years.

With substantial assistance from the Mediator, and only after agreeing in principle to the Reforms, the Settling Parties negotiated at arm's-length the attorneys' fees and reimbursement of expenses to be paid to Plaintiffs' Counsel (as defined herein).  Defendants agreed to cause their insurer to pay one hundred thousand dollars ($100,000.00) to Plaintiffs' Counsel as their attorneys' fees and expenses (the "Fee and Expense Award"), in light of the substantial benefits that will be

conferred upon the Company and its stockholders by the Reforms.

The independent directors of the Board, in exercising their business judgment, approved the Settlement and each of its terms, as set forth in this Stipulation, as in the best interest of Cemtrex.

## II.   PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS, AND THE SUBSTANTIAL BENEFITS OF SETTLEMENT

Plaintiffs' Counsel conducted investigations relating to the claims and the underlying events alleged in the respective Derivative Actions, including, but not limited to: (1) reviewing and analyzing the Company's public filings with the SEC, press releases, announcements, transcripts of investor conference calls, and news articles; (2) reviewing and analyzing the allegations contained in the related Securities Class Action; (3) researching and drafting the shareholder derivative complaints in the Derivative Actions; (4) reviewing and analyzing the briefs in support of and in opposition to the motion to dismiss filed in the Securities Class Action; (5) researching the applicable law with respect to the claims in the Derivative Actions and the potential defenses thereto; (6) researching corporate governance issues; (7) preparing extensive settlement demands and corporate governance reforms proposals; (8) attending the in-person, full-day Mediation in New York, New York; (9) engaging in extensive settlement discussions with Defendants' Counsel; and (10) communicating with the Plaintiffs as to the status of the proposed settlement.

Plaintiffs' Counsel believe that the claims asserted in the Derivative Actions have merit and that their investigations support the claims asserted.  Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and in light of the substantial benefits of the Settlement, as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trials and appeals,

Plaintiffs have concluded that it is desirable that the Derivative Actions be fully and finally settled in the manner, and upon the terms and conditions, set forth in this Stipulation. Plaintiffs and Plaintiffs' Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Derivative Actions against the Individual Defendants through trials and possible appeals. Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Derivative Actions, as well as the difficulties and delays inherent in such litigation. Based on their evaluation, and in light of the substantial benefits conferred upon the Company and its stockholders as a result of the Settlement, Plaintiffs and Plaintiffs' Counsel have determined that the Settlement is in the best interests of Plaintiffs, Cemtrex, and Current Cemtrex Stockholders (as defined herein), and have agreed to settle the Derivative Actions upon the terms, and subject to the conditions, set forth herein.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Individual Defendants have denied, and continue to deny, each and every claim and contention alleged by Plaintiffs in the Derivative Actions and affirm that they have acted properly, lawfully, and in full accord with their fiduciary duties, at all times. Further, the Individual Defendants have denied expressly, and continue to deny, all allegations of wrongdoing, fault, liability, or damage against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Derivative Actions and deny that they have ever committed or attempted to commit any violations of law, any breach of fiduciary duty owed to Cemtrex or its stockholders, or any wrongdoing whatsoever. Had the terms of this Stipulation not been reached, the Individual Defendants would have continued to contest vigorously Plaintiffs' allegations, and the Individual Defendants maintain that they had and have meritorious defenses to all claims alleged in the Derivative Actions. Without admitting the validity of any of the claims

that Plaintiffs have asserted in the Derivative Actions, or any liability with respect thereto, Defendants have concluded that it is desirable that the claims be settled on the terms and subject to the conditions set forth herein.  Defendants acknowledge and agree that the Reforms confer substantial benefits to the Company and its stockholders.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

Plaintiffs, derivatively on behalf of Cemtrex, the Individual Defendants, and Cemtrex, by and through their respective counsel or attorneys of record, hereby stipulate and agree that, subject to approval by the Court, in consideration of the substantial benefits flowing to the Settling Parties, the Derivative Actions and all of the Released Claims (as defined herein) shall be fully, finally, and forever satisfied, compromised, settled, released, discharged, and dismissed with prejudice, upon the terms and subject to the conditions set forth herein as follows:

### 1.    **<u>Definitions</u>**

As used in this Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definitions set forth below shall control.

1.1    "Action" means the consolidated shareholder derivative action pending in this Court, captioned *Desmond-Newman v. Govil, et al.*, Case No. 2:18-cv-03992.

1.2    "Board" means the Cemtrex Board of Directors.

1.3    "Cemtrex" or the "Company" means nominal defendant Cemtrex, Inc. and includes all of its subsidiaries, predecessors, successors, affiliates, officers, directors, employees, and agents.

1.4    "Claims" means, collectively, any and all claims, rights, demands, causes of action or liabilities of any kind, nature and character (including but not limited to claims

for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured.

1.5     "Court" means the United States District Court for the Eastern District of New York.

1.6     "Current Cemtrex Stockholders" means, for purposes of this Stipulation, any Persons (defined below) who owned Cemtrex common stock as of the date of this Stipulation and who continue to hold their Cemtrex common stock as of the date of the Settlement Hearing (defined below), excluding the Individual Defendants, the officers and directors of Cemtrex, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

1.7     "Defendants" means, collectively, the Individual Defendants and nominal defendant Cemtrex.

1.8     "Defendants' Counsel" means Baker & Hostetler LLP, 999 Third Avenue, Suite 3600, Seattle, Washington 98104.

1.9     "Defendants' Released Claims" means all Claims that could be asserted in any forum by the Released Persons (defined below) against Plaintiffs, and Plaintiffs' Counsel, Cemtrex, and all Current Cemtrex Stockholders (solely in their capacity as Cemtrex stockholders) (including known and unknown Claims brought directly), arising out of, relating to, or in connection with the institution, prosecution,

assertion, settlement, or resolution of the Derivative Actions or the Released Claims; provided, however, that nothing herein shall in any way release, waive, impair, or restrict the rights of any Settling Party to enforce the terms of this Settlement.

1.10 "Derivative Actions" means the Action and the State Action.

1.11 "Effective Date" means the first date by which all of the events and conditions specified in Section IV, ¶ 6.1 herein have been met and have occurred.

1.12 "Fee and Expense Award" means the sum to be paid to Plaintiffs' Counsel for their attorneys' fees and expenses, as detailed in Section IV, ¶¶ 5.1-5.2 of this Stipulation, subject to approval by the Court.

1.13 "Final" means the time when an order or judgment that has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process (including potential writ proceedings) or because of passage, without action, of time for seeking appellate or writ review.  More specifically, it is that situation when (1) either no appeal or petition for review by writ has been filed and the time has passed for any notice of appeal or writ petition to be timely filed in the Derivative Actions; or (2) an appeal has been filed and the appellate court has either affirmed the order or judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review, and that court has either affirmed the underlying order or judgment or affirmed the appellate court's decision affirming the order or judgment or dismissing the appeal or writ proceeding.

1.14    "Individual Defendants" means, collectively, Saagar Govil, Aron Govil, Raju Panjwani, Sunny Patel, Metodi Filipov, Renato Dela Rama, and Shamik Shah.

1.15    "Judgment" means the final order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

1.16    "Mediator" means the Honorable Faith S. Hochberg (ret.).

1.17    "Notice to Current Cemtrex Stockholders" or "Notice" means the Notice to Current Cemtrex Stockholders, substantially in the form of Exhibit B attached hereto.

1.18    "State Action" means the shareholder derivative action pending in the Supreme Court of the State of New York, County of Suffolk, captioned *Alami v. Govil, et al.*, Index No. 606635/2017.

1.19    "Person(s)" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, marital communities, heirs, predecessors, successors, administrators, parents, subsidiaries, affiliates, representatives, or assignees.

1.20    "Plaintiffs" means, collectively, Kelly Nicole Desmond-Newman, Matthias Scharf, and Shahriar Alami.

1.21    "Plaintiffs' Counsel" means, collectively: (1) Gainey McKenna & Egleston, 440 Park Avenue South, 5th Floor, New York, New York 10016; (2) The Rosen Law Firm, P.A., 275 Madison Avenue, 34th Floor, New York, New York 10016; and

(3) The Brown Law Firm, P.C., 240 Townsend Square, Oyster Bay, New York 11771.

1.22    "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form of Exhibit C attached hereto, including, *inter alia*, preliminarily approving the terms and conditions of the Settlement as set forth in this Stipulation, directing that Notice be provided to Current Cemtrex Stockholders, and scheduling a Settlement Hearing to consider whether the Settlement and Fee and Expense Award should be finally approved.

1.23    "Related Persons" means each and all of a Person's past, present, or future family members, spouses, domestic partners, marital communities, parents, associates, affiliates, subsidiaries, officers, directors, stockholders, owners, members, representatives, employees, attorneys, financial or investment advisors, consultants, underwriters, investment banks or bankers, commercial bankers, insurers, reinsurers, excess insurers, co-insurers, advisors, principals, agents, heirs, executors, trustees, estates, beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators, or any other person or entity acting or purporting to act for or on behalf of any Person, and each of their respective predecessors, successors, and assigns.

1.24    "Released Claims" means all Claims, including known and Unknown Claims (as defined herein), against any of the Released Persons that (i) were asserted or could have been asserted derivatively in the any of the Derivative Actions; (ii) would have been barred by *res judicata* had the Derivative Actions been fully litigated to final

judgment; or (iii) that could have been, or could in the future be, asserted derivatively in any forum or proceeding or otherwise against any of the Released Persons that concern, arise out of or relate in any way to any of the subject matters, allegations, transactions, facts, occurrences, representations, statements, or omissions alleged, involved, set forth, or referred to in any complaint in any of the Derivative Actions, *provided that* Released Claims shall not include claims to enforce the terms of this Settlement.

1.25    "Released Person(s)" means, collectively, each and all of the Defendants and their Related Persons.

1.26    "Securities Class Action" means the federal securities class action pending in this Court, captioned *Cullinan v. Cemtrex, Inc., et al.*, Case No.: 2:17-cv-01067.

1.27    "Settlement" means the settlement of the Derivative Actions as documented in this Stipulation.

1.28    "Settlement Hearing" means a hearing by the Court to review the adequacy, fairness, and reasonableness of the Settlement set forth in this Stipulation and to determine: (i) whether to enter the Judgment; and (ii) all other matters properly before the Court.

1.29    "Settling Parties" means, collectively, each of the Plaintiffs (derivatively on behalf of Cemtrex), each of the Individual Defendants, and nominal defendant Cemtrex.

1.30    "Stipulation" means this Stipulation and Agreement of Settlement, dated  January 4, 2019.

1.31    "Unknown claims" means any Claims that Plaintiffs, Cemtrex or any Current Cemtrex Stockholder (claiming in the right of, or on behalf of, the Company) does

not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons that, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. Unknown Claims include those Claims in which some or all of the facts comprising the Claim may be unsuspected, or even undisclosed or hidden. With respect to any and all Released Claims, including Unknown Claims, the Settling Parties stipulate and agree that, upon the Effective Date, they shall expressly waive, and every Current Cemtrex Stockholder shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Settling Parties shall expressly waive, and every Current Cemtrex Stockholder shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542. Plaintiffs, Cemtrex, and/or any Current Cemtrex Stockholders may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Settling Parties shall expressly have, and every Current Cemtrex Stockholder

shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and every Current Cemtrex Stockholder shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

**2.   Terms of the Settlement**

2.1    The benefits of the Settlement consist of the Reforms, the terms of which are fully set forth in Exhibit A attached hereto.  Defendants acknowledge and agree that the Reforms confer substantial benefits upon Cemtrex and its stockholders.  Defendants also acknowledge that the pendency, prosecution, and settlement of the Derivative Actions was a material and precipitating factor in Cemtrex's decision to adopt and implement certain Reforms.

2.2    Cemtrex shall adopt the Reforms no later than forty-five (45) days from the date that the Court enters the Judgment and shall maintain the Reforms for at least five (5) years from the date that the Court enters the Judgment.

**3.   Procedure for Implementing the Settlement**

3.1     Promptly after execution of this Stipulation, Plaintiffs Desmond-Newman and Scharf  shall submit this Stipulation, together with its exhibits, to the Court and apply for entry of the Preliminary Approval Order in this Court, substantially in the form of Exhibit C attached hereto, requesting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the method of providing notice of the proposed Settlement to Current Cemtrex Stockholders; (iii) approval of the form of notice substantially in the form of Exhibit B attached hereto; and (iv) a date for the Settlement Hearing.

3.2     Cemtrex shall undertake the administrative responsibility for giving notice to Current Cemtrex Stockholders in the manner set forth in this paragraph.  Cemtrex shall be solely responsible for paying the costs and expenses related to providing such notice.  Cemtrex shall be solely responsible for paying the costs and expenses related to providing any notice that is required by the Court.  Within ten (10) calendar days after the Court's entry of the Preliminary Approval Order, Cemtrex shall file the Notice with the SEC as an exhibit to a Form 8-K and issue a press release with a link to the Notice and Stipulation on Cemtrex's investor relations web page, both of which Cemtrex shall post there.  The Settling Parties believe the content of the Notice and the manner of the notice procedures set forth in this paragraph constitute adequate and reasonable notice to Current Cemtrex Stockholders pursuant to applicable law and due process.

3.3     Plaintiffs Desmond-Newman and Scharf shall request that the Court hold the Settlement Hearing at least forty-five (45) calendar days after the deadline to provide notice of the Settlement described in Section IV, ¶ 3.2 above to Current Cemtrex Stockholders to approve the Settlement and the Fee and Expense Award.

3.4     Within five (5) business days after the date that the Judgment becomes Final, Plaintiff Alami shall file a Notice of Voluntary Discontinuance in the State Action to dismiss the

15

State Action with prejudice, and shall use his reasonable best effort to take, or cause to be taken, any and all additional actions, and to do, or cause to be done any and all things reasonably necessary, proper and appropriate, if any, to secure dismissal with prejudice of the State Action. The Defendants shall cooperate with Plaintiff Alami in order to secure the dismissal with prejudice of the State Action.

3.5     Pending the Court's determination as to final approval of the Settlement, Plaintiffs and Plaintiffs' Counsel, and any Current Cemtrex Stockholders, derivatively on behalf of Cemtrex, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons in any court or tribunal.

**4.  Releases**

4.1     Upon the Effective Date, Cemtrex, Plaintiffs, and each of Cemtrex's current stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims against the Released Persons.  Cemtrex, Plaintiffs, and each of Cemtrex's current stockholders shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation and/or the Judgment entered pursuant thereto.

4.2     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of Plaintiffs and their beneficiaries, Plaintiffs' Counsel, Cemtrex, and all

current Cemtrex stockholders (solely in their capacity as Cemtrex stockholders) from any and all Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Plaintiffs or their beneficiaries, Plaintiffs' Counsel, Cemtrex, or any current Cemtrex stockholders (solely in their capacity as Cemtrex stockholders) with respect to any Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against all of Plaintiffs and their beneficiaries, Plaintiffs' Counsel, Cemtrex, and all current Cemtrex stockholders except to enforce the releases and other terms and conditions contained in this Stipulation and/or the Judgment entered pursuant thereto.

4.3     Nothing herein shall in any way release, waive, impair, or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

**5.   Plaintiffs' Counsel's Attorneys' Fees and Expenses**

5.1     In recognition of the substantial benefits provided to Cemtrex and Current Cemtrex Stockholders due to the Reforms as a result of the Settlement, Defendants shall cause their insurer to pay to Plaintiffs' Counsel the Fee and Expense Award in the amount of one hundred thousand dollars ($100,000.00), subject to the Court's approval. Such Fee and Expense Award shall cover all fees and expenses for all Plaintiffs' Counsel in the Derivative Actions.  The Settling Parties mutually agree that the Fee and Expense Award is fair and reasonable in light of the substantial benefits conferred upon Cemtrex and Current Cemtrex Stockholders by the Reforms.

5.2     Defendants' insurer shall pay the Fee and Expense Award to the escrow account designated by Plaintiffs' Counsel (the "Escrow Account") within thirty (30) calendar days of the Court's entering of the Preliminary Approval Order, and Defendants' insurer shall cause such payment to be made via check to the Escrow Account.  Plaintiffs' Counsel shall provide

Defendants' Counsel, within five (5) business days after entry of the Preliminary Approval Order, all necessary payment details to accomplish payment of the Fee and Expense Award to the Escrow Account, including an executed Form W-9. Defendants' Counsel shall have no responsibility for, nor bear any risk or liability with respect to, the Escrow Account, its operation, and any taxes or expenses incurred in connection with the Escrow Account. Plaintiffs' Counsel shall be solely responsible for any administrative costs associated with the Escrow Account as well as the filing of all informational and other tax returns with the Internal Revenue Service, or any other state or local taxing authority, as may be necessary or appropriate.

5.3     The Fee and Expense Award shall remain in the Escrow Account until the entry of an order approving the Fee and Expense Award, at which time the Fee and Expense Award shall be immediately releasable to Plaintiffs' Counsel, notwithstanding the existence of any timely filed objections thereto or potential for appeal therefrom, or collateral attack on the settlement or any part thereof. Should the Court order the payment of attorneys' fees and expenses to Plaintiffs' Counsel in an amount less than the agreed Fee and Expense Award prior to, or at the time of, entry of the Judgment, then only the Court-approved amount shall be released to Plaintiffs' Counsel. Any amounts remaining in the Escrow Account shall be returned to Defendants' insurer within fifteen (15) calendar days of entry of the Judgment or a final judgment after any appeal is concluded, whichever is later.

5.4     Payment of the Fee and Expense Award in the amount approved by the Court shall constitute final and complete payment for Plaintiffs' Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Derivative Actions and the resolution of the claims alleged therein. Defendants and Defendants' Counsel shall have no responsibility for the allocation or distribution of the Fee and Expense

Award amongst Plaintiffs' Counsel.  Defendants, including Cemtrex, shall have no obligation to make any payment to any Plaintiffs' Counsel other than the payment to the Escrow Account provided in Section IV, ¶¶ 5.1-5.2 herein.

5.5     If for any reason any condition in Section IV, ¶ 6.1 is not met and the Effective Date of the Stipulation does not occur, if the Stipulation is in any way canceled or terminated, or if the Judgment is reversed on appeal, then each of Plaintiffs' Counsel and their successors shall be obligated to repay, within fifteen (15) calendar days after written notification of such an event, the amount of the Fee and Expense Award paid by Defendants' insurer that they received.  In the event of any failure to obtain final approval of the full amount of the Fee and Expense Award, or upon any appeal and/or further proceedings on remand, or successful collateral attack, which results in the Judgment or the Fee and Expense Award being overturned or substantially modified, each of Plaintiffs' Counsel and their successors shall be obligated to repay, within fifteen (15) calendar days, the portion of the Fee and Expense Award paid by Defendants' insurer that they received that was ultimately not awarded to Plaintiffs' Counsel.

5.6     Except as otherwise provided herein, each of the Settling Parties shall bear his, her, or its own costs and attorneys' fees.

5.7     In light of the substantial benefits Plaintiffs have helped to create for all Current Cemtrex Stockholders, Plaintiffs shall apply for Court-approved service awards in the amount of one thousand dollars ($1,000.00) each (the "Service Awards"), which Defendants shall not object to.  The Service Awards to Plaintiffs, to the extent that they are approved, shall be funded from the Fee and Expense Award.

### **6.   Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

6.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all

of the following events:

    (i)      the entry of the Preliminary Approval Order;

    (ii)     the Court's entry of the Judgment;

    (iii)    the payment of the Fee and Expense Award in accordance with Section IV, ¶¶ 5.1-5.2 hereof;

    (iv)    the Judgment has become Final; and

    (v)     the State Action has been dismissed with prejudice.

6.2    If any of the conditions specified in Section IV, ¶ 6.1 are not met, then the Stipulation shall be cancelled and terminated subject to Section IV, ¶ 6.4, and the Settling Parties shall be restored to their respective positions in the Derivative Actions as of the date immediately preceding the date of this Stipulation unless Plaintiffs' Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

6.3    Each of the Settling Parties shall have the right to terminate the Settlement by providing written notice of their election to do so to all other Settling Parties within twenty (20) calendar days of the date on which: (i) the Court refuses to approve this Stipulation, or the terms contained herein, in any material respect; (ii) the Preliminary Approval Order is not entered in substantially the form attached as Exhibit C hereto; (iii) the Judgment is not entered in substantially the form attached as Exhibit D hereto; (iv) the Judgment is reversed or substantially modified on appeal, reconsideration, or otherwise; or (v) the Effective Date of the Settlement cannot otherwise occur; except that such termination shall not be effective unless and until the terminating Settling Party has, within twenty (20) calendar days of the date on which notice of the termination event has been provided to all other Settling Parties, attempted in good faith to confer with the other Settling Parties and/or to participate in a mediation session with the Mediator and the other Settling

Parties to attempt to remedy the issue. Any order or proceeding relating to the Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to cancel the Stipulation, allow for the termination of the Settlement, or affect or delay the finality of the Judgment approving the Settlement.

6.4     In the event that the Stipulation is not approved by the Court, or the Settlement is terminated for any reason, including pursuant to Section IV, ¶ 6.3 above, the Settling Parties shall be restored to their respective positions as of the date immediately preceding the date of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any of the Settling Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Actions or in any other action or proceeding. In such event, the terms and provisions of the Stipulation, with the exception of Section IV, ¶¶ 1.1-1.31, 5.5, 6.2-6.4, 8.3-8.19 herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Derivative Actions or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

**7.  <u>Bankruptcy</u>**

7.1     In the event any proceedings by or on behalf of Cemtrex, whether voluntary or involuntary, are initiated under any chapter of the United States Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Settling Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of this Stipulation in a timely and expeditious manner.

7.2     In the event of any Bankruptcy Proceedings by or on behalf of Cemtrex, the Settling Parties agree that all dates and deadlines set forth herein will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases and approvals from the bankruptcy court to carry out the terms and conditions of the Stipulation.

## 8.   **Miscellaneous Provision**

8.1     The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.  To the extent the Settling Parties are unable to reach agreement concerning such best efforts, any Settling Party may refer the matter to the Mediator for mediated resolution, subject to Court approval, with the fees and expenses of the Mediator to be divided equally between Plaintiffs on the one hand, and Defendants on the other.  Specifically, all disputes regarding the preparation and/or execution of final settlement documents shall be resolved by the Mediator.

8.2     The Settling Parties agree that the terms of the Settlement were negotiated in good faith and at arm's-length by the Settling Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel. The Settling Parties shall not take the position that the litigation was brought or defended in bad faith.  The Settling Parties and their respective counsel agree that, throughout the course of the litigation, all Settling Parties and their counsel complied with Rule 11 of the Federal Rules of Civil Procedure and its state law counterparts in connection with the maintenance, prosecution, defense, and settlement of the Derivative Actions and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in the Derivative

Actions.

8.3     While maintaining their positions that the claims and defenses asserted in the Derivative Actions are meritorious, Plaintiffs and Plaintiffs' Counsel, on the one hand, and Defendants and Defendants' Counsel, on the other, shall not make any public statements or statements to the media (whether or not for attribution) that disparage the other's business, conduct, or reputation, or that of their counsel, based on the subject matter of the Derivative Actions.  Notwithstanding the foregoing, each of the Settling Parties reserves their right to rebut, in a manner that such party determines to be reasonable and appropriate, any contention made in any public forum that the Derivative Actions were brought or defended in bad faith or without a reasonable basis.

8.4     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including any exhibits attached hereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Actions or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Actions or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any

fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c)  shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d)  shall not be offered, received, or used in any ways against any of the Plaintiffs as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

8.5    Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

8.6    The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all the Settling Parties or their respective successors-in-interest.  After prior notice to the Court, but without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation.

8.8     This Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Settling Parties with respect to the Derivative Actions, constitute the entire agreement among the Settling Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

8.9     The waiver by one party of any breach of the Settlement by any other party shall not be deemed a waiver of any other prior or subsequent breach of the Settlement.  The provisions of the Settlement may not be waived except by a writing signed by the affected party, or counsel for that party.

8.10    The headings in the Stipulation and its exhibits are used for the purpose of convenience only and are not meant to have legal effect.

8.11    The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons.  The Settling Parties agree that this Stipulation will run to their respective successors-in-interest, and they further agree that any planned, proposed or actual sale, merger or change-in-control of Cemtrex shall not void this Stipulation, and that in the event of a planned, proposed or actual sale, merger or change-in-control of Cemtrex they will continue to seek final approval of this Stipulation expeditiously, including, but not limited to, the Settlement terms reflected in this Stipulation and the Fee and Expense Award.

8.12    The Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles.   No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.13    This Stipulation shall be read and interpreted according to its plain meaning and any ambiguity shall not be construed against any Settling Party.   This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.14    All agreements made and orders entered during the course of the Derivative Actions relating to the confidentiality of information and documents shall survive this Stipulation.

8.15    Nothing in this Stipulation, or the negotiations or proceedings relating to the Settlement, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint defense privilege, the accountants' privilege, or work product immunity; further, all information and documents transmitted between Plaintiffs' Counsel and Defendants' Counsel in connection with the Settlement shall be kept confidential and shall be inadmissible in any proceeding in any U.S. federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or forum.

8.16    The Settling Parties intend that the Court retain jurisdiction for the purpose of effectuating and enforcing the terms of the Settlement.

8.17    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and their Related Persons.

8.18    Any notice required by this Stipulation shall be submitted by overnight mail and e-mail to each of the signatories below.

8.19    The Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of  January 4, 2019.

Dated: January 4, 2019                          **GAINEY McKENNA & EGLESTON**

                                                */s/ Thomas J. McKenna*
                                                Thomas J. McKenna
                                                440 Park Avenue South, 5th Floor
                                                New York, New York 10016
                                                Telephone: (212) 983-1300
                                                Facsimile: (212) 983-0383
                                                Email: tjmckenna@gme-law.com

                                                *Counsel for Plaintiff Kelly Nicole Desmond-Newman*

Dated: January 4, 2019                          **THE ROSEN LAW FIRM, P.A.**

                                                */s/ Phillip Kim*
                                                Phillip Kim
                                                275 Madison Avenue, 34th Floor
                                                New York, New York 10016
                                                Telephone: (212) 686-1060
                                                Facsimile: (212) 202-3827
                                                Email: pkim@rosenlegal.com

                                                *Counsel for Plaintiff Matthias Scharf*

Dated: January 4, 2019                          **THE BROWN LAW FIRM, P.C.**

                                                */s/ Timothy Brown*
                                                Timothy Brown
                                                240 Townsend Square
                                                Oyster Bay, New York 11771
                                                Telephone: (516) 922-5427
                                                Facsimile: (516) 344-6204
                                                Email: tbrown@thebrownlawfirm.com

                                                *Counsel for Plaintiff Shahriar Alami*

Dated: January 4, 2019                          **BAKER & HOSTETLER LLP**

                                                */s/Douglas W. Greene*
                                                Douglas W. Greene
                                                999 Third Avenue, Suite 3600

Seattle, Washington 98104
Telephone: (206) 332-1380
Facsimile: (206) 624-7317
Email: dgreene@bakerlaw.com

*Counsel for Defendants Saagar Govil, Aron Govil, Raju Panjwani, Sunny Patel, Metodi Filipov, Renato Dela Rama, and Shamik Shah and Nominal Defendant Cemtrex, Inc.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KELLY NICOLE DESMOND-NEWMAN, Derivatively on Behalf of CEMTREX, INC., | |
| Plaintiff, | Civil Action: 2:18-cv-03992 |
| vs. | |
| SAAGAR GOVIL, ARON GOVIL, RAJU PANJWANI, SUNNY PATEL, and METODI FILIPOV, | |
| Defendants, | **EXHIBIT A** |
| -and- | **CORPORATE GOVERNANCE REFORMS** |
| CEMTREX, INC., | |
| Nominal Defendant. | |

Within forty-five (45) days, upon issuance of a final order approving the settlement, the Board of Directors ("Board") of Cemtrex, Inc. ("Cemtrex" or the "Company") shall adopt resolutions and amend committee Charters and/or its By-Laws to ensure adherence to the changes, modifications, and improvements to the Company's corporate governance and business ethics practices set forth below (the "Reforms"). The Reforms shall remain in effect for at least five (5) years from the date that the Court enters the Judgment.

- **Related party transactions.**

    Cemtrex shall adopt a written related party transactions policy (the "Related-Party Transactions Policy") that requires the following, at minimum:

    (a)    All Board members and executive officers shall submit to the Board an up-to-date list of companies in which they are a director, an officer, and/or of which they own a controlling interest, and to promptly update the list when any changes occur;

    (b)    The Chief Financial Officer ("CFO") shall implement procedures to ensure that any material transaction that Cemtrex is contemplating that would confer a monetary or other benefit to a party that is related to Cemtrex or its officers will promptly be disclosed to the Board. Materiality of such transactions and

whether such transactions are with a party that is related to Cemtrex or its officers shall be determined by the factors set forth under Item 404(a) of Regulation S-K. The procedures shall include written disclosure to the Board of the details of any such transaction including the nature of the relationship between the proposed counter-party and the party related to Cemtrex or its officers, financial terms and other pertinent information;

(c)     A majority of the Board's independent directors must approve or ratify any related-party transaction, and Cemtrex must make timely disclosures on an annual basis of all such transactions that are determined to be material. In addition to the factors already considered, the Board's independent directors shall consider the business purpose for any proposed related-party transaction, the fairness of the transaction to the Company, and whether the proposed transaction impairs the independence of any outside director or presents an improper conflict of interest for any Cemtrex officer or director whether or not they are involved in the transaction; and

(d)     The Company shall make the Related-Party Transactions Policy available in its periodic reports filed with the SEC.

- **Executive reports.**

  At each regularly scheduled Board meeting, the Company's CFO (or his or her designee) shall provide a report as to the Company's financial condition and prospects, including, but not limited to, a discussion of all reasons for material increases in expenses and liabilities, if any, and material decreases in revenues and earnings, if any, management plans for ameliorating or reversing such negative trends and the success or failure of any such plans presented in the past. All Executive Vice Presidents or heads of the Company's departments or groups, the Company's principal accounting officer, and the CFO shall make reports to the Board regarding their respective areas of responsibility at least quarterly and shall meet at least quarterly with the non-employee directors of the Company.

- **Immediate Cessation of Improper and Illegal Business Dealings with Third Party Stock Promoters.**

  Cemtrex shall immediately terminate any and all business dealings with known stock-promotion firm Small Cap Specialists LLC. The Company shall incur and absorb all costs incident to the termination of any binding agreements with this stock-promotion firm.

  The Company shall immediately terminate all contracts and any future business dealings with stock promoters and any other non-employee person

2

or entity for purposes of causing, directly or indirectly, the publication or dissemination of content regarding Cemtrex without the disclosures required by the federal securities laws and regulations. The Company shall incur and absorb all costs incident to the termination of any such binding agreements.

- **Market Monitoring.**

  A Company executive shall be assigned the responsibility to monitor and/or review as appropriate investor relations documents, such as talking points, Q&As, press packages, corporate presentation materials, and similar materials, as well as agreements with vendors and consultants employed to support investor relations and will report to the Board if any such item does not comply with Company policies and federal securities laws and regulations.

- **Improvements to the Audit Committee.**

  Cemtrex shall adopt a resolution to amend the Audit Committee Charter, which shall be amended as follows:

  (a)   The Audit Committee shall solicit the input of department representatives as necessary to review the accuracy of public disclosures related to issues within their expertise, including, without limitation: (i) accounting policies, (ii) operations, enterprise risks, and compliance matters that may have a material impact on the Company's operational performance, financial health, balance of risk, stability, liquidity, or (iii) any other matter required to be disclosed under state and federal securities laws and regulations;

  (b)   All Company employees shall be required to cooperate with Audit Committee investigations. Any failure to cooperate shall be grounds for discipline by the Board, including, but not limited to, termination, in the sole discretion of the Board. This applies to all Company employees, including, but not limited to, the CEO, CFO, and the Chairman of the Board; and

  (c)   The Audit Committee shall receive annually a report listing all trades in Cemtrex securities engaged in by Section 16 officers.

- **Cemtrex shall post the amended Audit Committee Charter, as well as the charters of the other subcommittees of the Board, on the investor relations portion of its website.**

- **Employee Training in Risk Assessment and Compliance.**

At a point in time when the Board deems it financially feasible and appropriate, Cemtrex shall institute annual employee training concerning risk assessment and compliance at Cemtrex, as follows:

(a)     Cemtrex's CFO shall be charged with primary responsibility for education pursuant to this provision;

(b)     Training shall be mandatory for:

- All Company officers;

- All members of the Board; and

- All employees, independent contractors and agents of Cemtrex who are involved in (1) engaging and paying vendors for marketing purposes, (2) compliance, and (3) disseminating or producing the Company's public statements. Training shall be annual for all such persons, and in the event a person is appointed or hired after the annual training for a particular year, a special training session shall be held for such individual within fourteen (14) business days of his or her appointment or hiring;

(c)     Training shall include coverage of:

- risk assessment and compliance;

- the laws and regulations regarding public disclosures; and

- Cemtrex's Code of Ethics, insider trading policies and any and all manuals or policies established by Cemtrex concerning legal or ethical standards of conduct to be observed in connection with work performed for Cemtrex ("Cemtrex's Policies"); and

(d)     Training shall be in person where practicable. In the limited circumstances where training in person is not possible, training should be interactive, internet-based training. Upon completion of training, the person receiving the training shall provide a written certification as to his or her receipt and understanding of the obligations under Cemtrex's Policies. Each written certification shall be maintained by the CFO for a period of five (5) years from the date it was executed.

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KELLY NICOLE DESMOND-NEWMAN, Derivatively on Behalf of CEMTREX, INC., | Civil Action: 2:18-cv-03992 |
| Plaintiff, | |
| vs. | |
| SAAGAR GOVIL, ARON GOVIL, RAJU PANJWANI, SUNNY PATEL, and METODI FILIPOV, | **EXHIBIT B** |
| Defendants, | **NOTICE TO CURRENT CEMTREX STOCKHOLDERS** |
| -and- | |
| CEMTREX, INC., | |
| Nominal Defendant. | |

**NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION**

TO:     **ALL OWNERS OF CEMTREX, INC. ("CEMTREX" OR THE "COMPANY") COMMON STOCK (TICKER SYMBOL: CETX) AS OF JANUARY 4, 2019, WHO CONTINUE TO OWN SUCH SHARES ("CURRENT CEMTREX STOCKHOLDERS").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF STOCKHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.

IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE DERIVATIVE ACTION, STOCKHOLDERS OF CEMTREX WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING RELEASED CLAIMS.

THIS ACTION IS NOT A "CLASS ACTION." THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.

PLEASE TAKE NOTICE that this action is being settled on the terms in a Stipulation and Agreement of Settlement, dated January 4, 2019 (the "Stipulation"). The purpose of this Notice is to inform you of:
- the existence of this derivative action (the "Action"),

- the proposed settlement between the Plaintiffs[1] and Defendants reached in the Action (the "Settlement"),[2]
- the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement,
- Plaintiffs' Counsel's application for fees and expenses, and
- Plaintiffs' Service Awards.

This Notice describes what steps you may take in relation to the Settlement. This Notice is not an expression of any opinion by the Court about the truth or merits of Plaintiffs' claims or Defendants' defenses. This Notice is solely to advise you of the proposed Settlement of the Action and of your rights in connection with the proposed Settlement.

<u>Summary</u>

On January 4, 2019, Cemtrex, in its capacity as a nominal defendant, entered into the Stipulation in the Action. The Action had been filed derivatively on behalf of Cemtrex, in the United States District Court for the Eastern District of New York (the "Court") against certain current and former directors and/or officers of the Company. The Stipulation and the Settlement, subject to the approval of the Court, is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims and to result in the complete dismissal of the Action with prejudice, upon the terms and subject to the conditions set forth in the Stipulation. The proposed Settlement requires the Company to adopt certain additional corporate governance measures and procedures, as outlined in Exhibit A to the Stipulation, and provides that Defendants shall cause their insurer to pay a Fee and Expense Award to Plaintiffs' Counsel of one hundred thousand dollars ($100,000.00), including Service Awards to the Plaintiffs of one thousand dollars ($1,000.00) each, to be paid from the Fee and Expense Award, subject to Court approval.

This notice is a summary only and does not describe all of the details of the Stipulation. For full details of the matters discussed in this summary, please see the full Stipulation posted on the Company's website, _____, contact Plaintiffs' Counsel at the address listed below, or inspect the full Stipulation filed with the Clerk of the Court.

<u>What is the Lawsuit About?</u>

The Action is brought derivatively on behalf of Cemtrex and alleges that the Individual Defendants breached their fiduciary duties by knowingly or recklessly making and/or causing Cemtrex to make false and misleading statements of material fact to the investing public and to engage in an improper stock promotion scheme.

<u>Why is there a Settlement?</u>

---

[1] All capitalized terms used in this notice, unless otherwise defined herein, are defined as set forth in the Stipulation.

[2] The Settlement also includes the dismissal with prejudice of the related shareholder derivative action filed in the Supreme Court of the State of New York, County of Suffolk, captioned *Alami v. Govil, et al.*, Index No. 606635/2017 (the "State Action").

The Court has not decided in favor of the Defendants or the Plaintiffs.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and because the Settlement provides substantial benefits to, and is in the best interests of, Cemtrex and its stockholders.

The Individual Defendants deny each and every allegation of wrongdoing or liability arising out of or relating in any way to the events, conduct, statements, acts, or omissions alleged in the Action.  The Individual Defendants further assert that, at all times, they acted in good faith, and in a manner they reasonably believed to be and that was in the best interests of Cemtrex and Cemtrex's stockholders.  The Individual Defendants assert that they have meritorious defenses to the claims in the Action. Nonetheless, the Individual Defendants have entered into the Stipulation, without admitting or conceding any fault, liability, wrongdoing, or damage whatsoever, in order to avoid the risks inherent in any lawsuit and the burden and expense of further litigation.

<u>The Settlement Hearing and Your Right to Object to the Settlement</u>

On _____, 2019, the Court entered an order preliminarily approving the Stipulation and the Settlement contemplated therein (the "Preliminary Approval Order") and providing for the notice of the Settlement to be made to Cemtrex stockholders. The Preliminary Approval Order further provides that the Court will hold a hearing (the "Settlement Hearing") on _____ __, 2019 at __:__ _.m. before the Honorable Joseph F. Bianco, U.S. District Court, Eastern District of New York, Courtroom 1040, located at 100 Federal Plaza, Central Islip, New York 11722, to among other things: (i) determine whether the proposed Settlement is fair, reasonable and adequate and in the best interests of the Company and its stockholders; (ii) consider any objections to the Settlement submitted in accordance with this Notice; (iii) determine whether a Judgment substantially in the form attached as Exhibit D to the Stipulation should be entered dismissing all claims in the Action with prejudice, and releasing the Released Claims against the Released Persons; (iv) consider the agreed-to Fee and Expense Award to Plaintiffs' Counsel of attorneys' fees and the reimbursement of expenses; (v) consider the Service Awards to Plaintiffs, which will be funded from the Fee and Expense Award; and (vi) consider any other matters that may properly be brought before the Court in connection with the Settlement.

Any Current Cemtrex Stockholder who wishes to object to the fairness, reasonableness, or adequacy of the Settlement as set forth in the Stipulation, or to the proposed award of attorneys' fees and expenses, may file with the Court a written objection.  An objector must at least fourteen (14) calendar days prior to the Settlement Hearing: (1) file with the Clerk of the Court and serve upon the below listed counsel a written objection to the Settlement setting forth (a) the nature of the objection; (b) proof of ownership of Cemtrex common stock as of January 4, 2019 and through the date of the Settlement Hearing, including the number of shares of Cemtrex common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if intending to appear and requesting to be heard at the Settlement Hearing, he, she, or it must, in addition to the requirements of (1) above, file with the Clerk of the Court and serve on the below counsel (a) a written notice of his, her, or its intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses he, she, or it intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and

all evidence that would be presented at the Settlement Hearing.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall be foreclosed from raising any objection to the Settlement and shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

IF YOU MAKE A WRITTEN OBJECTION, IT MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____ __, 2019.  The Clerk's address is:

Clerk of the Court
U.S. DISTRICT COURT, EASTERN DISTRICT OF NEW YORK
Courtroom 1040
100 Federal Plaza
Central Islip, NY 11722

YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO PLAINTIFFS' COUNSEL AND DEFENDANTS' COUNSEL SO THEY ARE RECEIVED NO LATER THAN _____ __, 2019.  Counsel's addresses are:

**Counsel for Plaintiffs in the Action:**
Thomas J. McKenna
GAINEY McKENNA & EGLESTON
440 Park Avenue South, 5th Floor
New York, NY 10016

**Counsel for Plaintiff in the State Action:**
Timothy Brown
THE BROWN LAW FIRM, P.C.
240 Townsend Square
Oyster Bay, NY 11771

**Counsel for Defendants:**
Douglas W. Greene
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104

An objector may file an objection on his, her or its own or through an attorney hired at his, her or its own expense. If an objector hires an attorney to represent him, her or it for the purposes of making such objection, the attorney must serve a notice of appearance on the counsel listed above and file such notice of appearance with the Court no later than fourteen (14) calendar days before the Settlement Hearing.

Any objector who files and serves a timely, written objection in accordance with the instructions above, may appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Settlement Hearing, however, in order to have their objections considered by the Court.

If you are a Current Cemtrex Stockholder and do not take steps to appear in this action and object to the proposed Settlement, you will be bound by the Judgment of the Court and will forever be barred from raising an objection to such settlement in this or any other action or proceeding, and from pursuing any of the Released Claims.

4

If you held Cemtrex common stock as of January 4, 2019 and continue to hold such stock, you may have certain rights in connection with the proposed Settlement.  You may obtain further information by contacting counsel for Plaintiffs in the Action at: Thomas J. McKenna, Gainey McKenna & Egleston, 440 Park Avenue South, 5th Floor, New York, NY 10016, Telephone: (212) 983-1300, Email: tjmckenna@gme-law.com; or Timothy Brown, The Brown Law Firm, P.C., 240 Townsend Square, Oyster Bay, NY 11771, Telephone: (516) 922-5427, Email: tbrown@thebrownlawfirm.net.  **Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KELLY NICOLE DESMOND-NEWMAN, Derivatively on Behalf of CEMTREX, INC., | Civil Action: 2:18-cv-03992 |
| Plaintiff, | |
| vs. | |
| SAAGAR GOVIL, ARON GOVIL, RAJU PANJWANI, SUNNY PATEL, and METODI FILIPOV, | **EXHIBIT C** |
| Defendants, | **[PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE** |
| -and- | |
| CEMTREX, INC., | |
| Nominal Defendant. | |

WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Action") have made an application for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated January 4, 2019 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Action and the shareholder derivative action pending in the Supreme Court of the State of New York, County of Suffolk, captioned *Alami v. Govil, et al.*, Index No. 606635/2017 (the "State Action"); and (ii) approving the form and content of the Notice to Current Cemtrex Stockholders, substantially in the form of Exhibit B attached to the Stipulation;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Settling Parties have consented to the entry of this Preliminary Approval Order,

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Action.

2.      A hearing shall be held before this Court (the "Settlement Hearing") on _____ __, 2019 at __:__ _.m.,[1] at the United States District Court for the Eastern District of New York, the Honorable Joseph F. Bianco, Courtroom 1040, located at 100 Federal Plaza, Central Islip, New York 11722, to determine: (i) whether the terms and conditions of the settlement set forth in the Stipulation are fair, reasonable, and adequate to Cemtrex and Current Cemtrex Stockholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee and Expense Award, including Plaintiffs' Service Awards, should be finally approved.  At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3.      The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that issuing the Notice through a press release, filing the Notice with the SEC, and posting the Notice together with the Stipulation on the investor relations portion of Cemtrex's corporate website substantially in the manner and form set forth in this Order meets the

---

[1] The Settling Parties respectfully request that the Settlement Hearing be scheduled at least forty-five (45) days after the deadline for providing notice of the proposed Settlement to Current Cemtrex Stockholders.

requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current Cemtrex Stockholders and all other Persons entitled thereto.

4.     Not later than ten (10) calendar days following entry of this Order, Cemtrex shall file the Notice with the SEC as an exhibit to a Form 8-K and issue a press release with a link to the Notice and Stipulation on Cemtrex's investor relations web page, where Cemtrex shall post the Notice and Stipulation.

5.     All costs incurred in providing the Notice shall be paid by Cemtrex, and Cemtrex shall undertake all administrative responsibility for such posting, publishing, and filing.

6.     All papers in support of the Settlement and the Fee and Expense Award, including any Service Awards, shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) calendar days prior to the Settlement Hearing.

7.     Any Current Cemtrex Stockholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee and Expense Award, including the Service Awards, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current Cemtrex Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Award, including the Service Awards, unless that stockholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the objection; (b) proof of ownership of Cemtrex common stock as of the date of the

Stipulation and through the date of the Settlement Hearing, including the number of shares of Cemtrex common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the Stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current Cemtrex Stockholder intends to appear and requests to be heard at the Settlement Hearing, such Stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such Stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the Stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  If a Current Cemtrex Stockholder files a written objection and/or written notice of intent to appear, such Stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such Stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

Thomas J. McKenna
GAINEY McKENNA & EGLESTON
440 Park Avenue South, 5th Floor
New York, NY 10016

*Counsel for Plaintiffs in the Action*

Douglas W. Greene
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104

*Counsel for Defendants*

Timothy Brown
THE BROWN LAW FIRM, P.C.
240 Townsend Square
Oyster Bay, NY 11771

*Counsel for Plaintiff in the State Action*

Any Current Cemtrex Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed

from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award, including the Service Awards, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

8.      At least ten (10) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the issuance, filing, and posting of the notice of the Settlement pursuant to the terms of this Order.

9.      All Current Cemtrex Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Cemtrex Stockholders.

10.     All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

11.     Pending final determination of whether the Settlement should be approved, neither Plaintiffs or Plaintiffs' Counsel, nor any Current Cemtrex Stockholders or other Persons, derivatively on behalf of Cemtrex, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

12.     The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any ways against any of the Plaintiffs as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

13.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any

purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14.    If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Action will revert to their status as of the date immediately preceding the date of the Stipulation.

15.    The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Cemtrex Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current Cemtrex Stockholders.

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE JOSEPH F. BIANCO
U.S. DISTRICT COURT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KELLY NICOLE DESMOND-NEWMAN, Derivatively on Behalf of CEMTREX, INC., <br><br>                          Plaintiff, <br><br>     vs. <br><br> SAAGAR GOVIL, ARON GOVIL, RAJU PANJWANI, SUNNY PATEL, and METODI FILIPOV, <br><br>                         Defendants, <br><br>    -and- <br><br> CEMTREX, INC., <br><br>                  Nominal Defendant. | Civil Action: 2:18-cv-03992 <br><br><br><br><br> **EXHIBIT D** <br><br> **[PROPOSED] FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated _____, 2019 (the "Preliminary Approval Order"), on the application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated January 4, 2019 (the "Stipulation").  Due and adequate notice having been given to Current Cemtrex Stockholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3.      This Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties and Current Cemtrex Stockholders, and hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4.      The Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      Upon the Effective Date, Cemtrex, Plaintiffs, and each of Cemtrex's current stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons.  Cemtrex, Plaintiffs, and each of Cemtrex's current stockholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6.      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs and their beneficiaries, Plaintiffs' Counsel, Cemtrex, and any current Cemtrex stockholders (solely in their capacity as Cemtrex shareholders) from Defendants'

Released Claims.  The Released Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue Plaintiffs or their beneficiaries, Plaintiffs' Counsel, or Cemtrex, or any current Cemtrex stockholders (solely in their capacity as Cemtrex shareholders) with respect to any Defendants' Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Plaintiffs and their beneficiaries, Plaintiffs' Counsel, Cemtrex, and all current Cemtrex stockholders.  Nor shall the foregoing in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7.     The Court finds that the Notice to Current Cemtrex Stockholders was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of due process.

8.     The Court finds that during the course of the Action, the Settling Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure and its state law counterparts.

9.     The Court finds that the Fee and Expense Award in the amount of one hundred thousand dollars ($100,000.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee and Expense Award.

10.     The Court finds that the Service Awards to Plaintiffs in the amount of one thousand dollars ($1,000.00) each is fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, to be paid by Plaintiffs' Counsel from the Fee and Expense Award.

11.     This Judgment, the facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person; and

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any ways against any of the Plaintiffs as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that

any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

12.     This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement.  However, the Released Persons may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

13.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

14.     This Judgment is a final judgment and should be entered forthwith by the Clerk dismissing the Action with prejudice.

IT IS SO ORDERED.

DATED:

                                                _____
                                                HONORABLE JOSEPH F. BIANCO
                                                U.S. DISTRICT COURT JUDGE