UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY NICOLE DESMOND-NEWMAN, Derivatively on Behalf of CEMTREX, INC., <br><br>      Plaintiff, <br><br>  vs. <br><br>SAAGAR GOVIL, ARON GOVIL, RAJU PANJWANI, SUNNY PATEL, and METODI FILIPOV, <br><br>      Defendants, <br><br>  -and- <br><br>CEMTREX, INC., <br><br>      Nominal Defendant. | Civil Action: 2:18-cv-03992 <br><br><br><br><br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE** |

  WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Action") have made an application for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated January 4, 2019 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Action and the shareholder derivative action pending in the Supreme Court of the State of New York, County of Suffolk, captioned *Alami v. Govil, et al.*, Index No. 606635/2017 (the "State Action"); and (ii) approving the form and content of the Notice to Current Cemtrex Stockholders, substantially in the form of Exhibit B attached to the Stipulation;

  WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

  WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Settling Parties have consented to the entry of this Preliminary Approval Order,

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing shall be held before this Court (the "Settlement Hearing") on May 22, 2019 at 1:30 p.m., at the United States District Court for the Eastern District of New York, the Honorable Joseph F. Bianco, Courtroom 1040, located at 100 Federal Plaza, Central Islip, New York 11722, to determine: (i) whether the terms and conditions of the settlement set forth in the Stipulation are fair, reasonable, and adequate to Cemtrex and Current Cemtrex Stockholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee and Expense Award, including Plaintiffs' Service Awards, should be finally approved. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3. The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that issuing the Notice through a press release, filing the Notice with the SEC, and posting the Notice together with the Stipulation on the investor relations portion of Cemtrex's corporate website substantially in the manner and form set forth in this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current Cemtrex Stockholders and all other Persons entitled thereto.

4. Not later than ten (10) calendar days following entry of this Order, Cemtrex shall file the Notice with the SEC as an exhibit to a Form 8-K and issue a press release with a link to the Notice and Stipulation on Cemtrex's investor relations web page, where Cemtrex shall post the Notice and Stipulation.

5. All costs incurred in providing the Notice shall be paid by Cemtrex, and Cemtrex shall undertake all administrative responsibility for such posting, publishing, and filing.

6. All papers in support of the Settlement and the Fee and Expense Award, including any Service Awards, shall be filed with the Court and served by May 1, 2019, and any reply papers shall be filed with the Court by May 15, 2019.

7. Any Current Cemtrex Stockholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee and Expense Award, including the Service Awards, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current Cemtrex Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee and Expense Award, including the Service Awards, unless that stockholder has, by May 8, 2019: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the objection; (b) proof of ownership of Cemtrex common stock as of the date of the Stipulation and through the date of the Settlement Hearing, including the number of shares of Cemtrex common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the Stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current Cemtrex Stockholder intends

to appear and requests to be heard at the Settlement Hearing, such Stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such Stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the Stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  If a Current Cemtrex Stockholder files a written objection and/or written notice of intent to appear, such Stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such Stockholder files with the Court (either by hand delivery or by first class mail) upon each of the following:

| | |
|---|---|
| Thomas J. McKenna<br>GAINEY McKENNA & EGLESTON<br>440 Park Avenue South, 5th Floor<br>New York, NY 10016 | Douglas W. Greene<br>BAKER & HOSTETLER LLP<br>999 Third Avenue, Suite 3600<br>Seattle, WA 98104 |
| *Counsel for Plaintiffs in the Action* | *Counsel for Defendants* |
| Timothy Brown<br>THE BROWN LAW FIRM, P.C.<br>240 Townsend Square<br>Oyster Bay, NY 11771 | |
| *Counsel for Plaintiff in the State Action* | |

Any Current Cemtrex Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee and Expense Award, including the Service Awards, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

8. By May 10, 2019, Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the issuance, filing, and posting of the notice of the Settlement pursuant to the terms of this Order.

9. All Current Cemtrex Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Cemtrex Stockholders.

10. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

11. Pending final determination of whether the Settlement should be approved, neither Plaintiffs or Plaintiffs' Counsel, nor any Current Cemtrex Stockholders or other Persons, derivatively on behalf of Cemtrex, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

12. The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could

have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person;

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

(d) shall not be offered, received, or used in any ways against any of the Plaintiffs as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

13.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment

bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

14. If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Action will revert to their status as of the date immediately preceding the date of the Stipulation.

15. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Cemtrex Stockholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current Cemtrex Stockholders.

IT IS SO ORDERED.

DATED: _____

_____
HONORABLE JOSEPH F. BIANCO
U.S. DISTRICT COURT JUDGE